**DENY; and Opinion Filed December 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-01236-CV
_____

### IN RE MORGAN SECURITY CONSULTING, LLC, Relator

**Original Proceeding from the County Court at Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 93027-CC**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Lang-Miers

In 2015, the trial court denied relator's motion to transfer venue. Relator filed a petition for writ of mandamus in this Court, which was denied without discussion of the merits. The Texas Supreme Court denied relator's subsequent petition for writ of mandamus without opinion. Thereafter, the case continued in the trial court. After deposing the real parties in interest, relator filed a motion to reconsider the trial court's prior order denying the 2015 motion to transfer venue. The trial court denied the motion to reconsider. In this original proceeding, relator seeks review of the order denying relator's motion to reconsider.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Rule 87(5) of the Texas Rules of Civil Procedure prohibits a trial court from rehearing a denial of a motion to transfer venue "unless the motion to transfer is based on the grounds that an impartial trial cannot be had under Rules 257-

259 or on the ground of mandatory venue, provided that such claim was not available to the other movant or movants." TEX. R. CIV. P. 87(5); *see also Stephens v. Hon. Thomas R. Culver, III*, No. 01-96-00664-CV, 1996 WL 404037, at \*3 (Tex. App.—Houston [1st Dist.] July 15, 1996, no writ) (trial court abused its discretion by granting second motion to transfer venue because reconsideration and further motions to transfer venue are prohibited by Rule 87(5)). Relator has not established that the trial court abused its discretion by denying the motion to reconsider or that relator's motion to reconsider was permissible under Rule 87(5). Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

181236F.P05